FILED
CLERK, U.S. DISTRICT COURT
11/15/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>ANTJUAN STEPHONE DOSS,<br>   aka "Giovani Dinero,"<br><br>        Defendant. | CR No. 2:23-cr-00558 -GW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1); (b)(1)(C): Distribution of Fentanyl Resulting in Serious Bodily Injury and Death; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl; 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(C): Conspiracy to Distribute Fentanyl and Cocaine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

On or about August 13, 2022, in Los Angeles County, within the Central District of California, defendant ANTJUAN STEPHONE DOSS, also

known as "Giovani Dinero," willfully causing an act to be done, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, to M.N., the use of which resulted in serious bodily injury to M.N. and the death of G.N.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(b)]

On or about August 13, 2022, in Los Angeles County, within the Central District of California, defendant ANTJUAN STEPHONE DOSS, also known as "Giovani Dinero," willfully causing an act to be done, knowingly and intentionally distributed approximately 45 pills containing fentanyl, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

Beginning on a date unknown, but no later than August 9, 2022, and continuing until on or about August 22, 2022, in Los Angeles County, within the Central District of California, and elsewhere, defendant ANTJUAN STEPHONE DOSS, also known as "Giovani Dinero," conspired with others known and unknown to the Grand Jury to knowingly distribute and possess with intent to distribute cocaine and fentanyl, Schedule II narcotic drug controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

B. MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. A co-conspirator ("Co-Conspirator 1"), using couriers, would supply defendant DOSS with fentanyl powder, pills containing fentanyl, and cocaine.

2. Defendant DOSS would package and distribute the fentanyl and cocaine provided from Co-Conspirator 1 to defendant DOSS's customers.

3. Defendant DOSS, acting at the direction of Co-Conspirator 1, would distribute fentanyl and cocaine to others.

4. Defendant DOSS would remit drug proceeds to Co-Conspirator 1.

C. OVERT ACTS

In furtherance of the conspiracy, and to accomplish its objects, on or about the following dates, defendant DOSS, and others known and

4

unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including but not limited to, the following:

<u>Overt Act No. 1</u>:  On August 9, 2022, Co-Conspirator 1 asked defendant DOSS when defendant DOSS would remit to Co-Conspirator 1 the proceeds from the sale of fentanyl pills, and, in response, defendant DOSS agreed to remit $3,000 to Co-Conspirator 1 by the end of that weekend.

<u>Overt Act No. 2</u>:  On August 10, 2022, Co-Conspirator 1 directed defendant DOSS to provide two grams of fentanyl as a "sample" to Co-Conspirator 1's drug distributor.

<u>Overt Act No. 3</u>:  On August 10, 2022, at a parking lot in Los Angeles, California, defendant DOSS distributed two grams of fentanyl to a drug distributor.

<u>Overt Act No. 4</u>:  On August 10, 2022, Co-Conspirator 1 and defendant DOSS discussed the prices of cocaine to drug customers. Defendant DOSS explained that he sells an ounce of cocaine for $800 to $1,250 depending on who is purchasing it, but that he would like to start charging a flat rate of $1,000 per ounce of cocaine, to which Co-Conspirator 1 agreed that those were good prices.

<u>Overt Act No. 5</u>:  On August 10, 2022, Co-Conspirator 1 told defendant DOSS that Co-Conspirator 1 purchased a kilogram of cocaine for them to distribute together and told defendant DOSS to "stretch it out" when re-selling it to drug customers. Defendant DOSS agreed with Co-Conspirator 1 and said he would sell the cocaine for $100 per gram.

<u>Overt Act No. 6</u>:  On August 10, 2022, at a parking lot in Los Angeles, California, Co-Conspirator 1 arranged to have a courier

deliver four ounces of cocaine to defendant DOSS.  At the time defendant DOSS received the cocaine from Co-Conspirator 1's courier, defendant DOSS remitted to the courier $3,000 in proceeds from the prior sale of fentanyl pills.

<u>Overt Act No. 7</u>:   On August 11, 2022, defendant DOSS reported to Co-Conspirator 1 that he was re-packaging cocaine for further distribution and doing his "rounds," namely, delivering drugs to customers.  Co-Conspirator 1 asked defendant DOSS how the customers were liking the cocaine, to which defendant DOSS explained that it was strong, stating that the customers "love it" and that the cocaine was "fire" and "Kill Bill."

<u>Overt Act No. 8</u>:   On August 15, 2022, defendant DOSS informed Co-Conspirator 1 that drug customers were complaining about the fentanyl pills that Co-Conspirator 1 supplied to defendant DOSS, including that customers were questioning the colors of the pills.

<u>Overt Act No. 9</u>:   On August 21, 2022, defendant DOSS told Co-Conspirator 1 that he had $3,500 in drug proceeds to remit to Co-Conspirator 1.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

On or about August 22, 2022, in Los Angeles County, within the Central District of California, defendant ANTJUAN STEPHONE DOSS, also known as "Giovani Dinero," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,090.98 grams, of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about August 22, 2022, in Los Angeles County, within the Central District of California, defendant ANTJUAN STEPHONE DOSS, also known as "Giovani Dinero," possessed a firearm, namely, a Sig Sauer, Model P290RS, 9mm caliber semiautomatic pistol, bearing serial number 26C021229, in furtherance of a drug trafficking crime, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Four of this Indictment.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about August 22, 2022, in Los Angeles County, within the Central District of California, defendant ANTJUAN STEPHONE DOSS, also known as "Giovani Dinero," knowingly possessed the following firearm and ammunition, in and affecting interstate and foreign commerce:

1. a Sig Sauer, model P290RS, 9mm caliber semiautomatic pistol, bearing serial number 26C021229;

2. six rounds of CCI/Speer 9mm caliber ammunition; and

3. one round of Remington 9mm caliber ammunition.

Defendant DOSS possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Identity Theft, in violation of California Penal Code Section 530.5(a), in the Superior Court for the State of California, Count of Los Angeles, Case Number YA093390, on or about January 4, 2016; and

2. Using an Access Device Without Consent, in violation of California Penal Code Section 484E, in the Superior Court for the State of California, Count of Los Angeles, Case Number YA093390, on or about January 4, 2016.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

   (c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five or Six of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

BRITTNEY M. HARRIS
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, and
Racketeering Section

J'ME FORREST
Assistant United States Attorney
General Crimes Section

13